Grady v. St. Louis Transit Co.

GRADY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 3, 1903.**

1. **Damages:** SPECIAL, NOT PLEADED. In an action for personal injuries, where it is alleged that the spine was injured, evidence of special paralyzing effects upon organs of plaintiff, consequent upon injury to his spine, is not prejudicial error if not excepted to and not carried into the instructions as an element of recovery.

2. ———: LOSS OF EARNINGS: INSTRUCTIONS. Evidence of plaintiff's earning capacity per diem, prior to injury, and that he afterwards was compelled to employ assistance at stated compensation, fully warranted an instruction as to loss of earnings as an element of damages.

3. ———: MEDICAL SERVICES: HARMLESS ERROR. An instruction failing to limit plaintiff's recovery to the reasonable amount incurred for medical services, will not materially affect the substantial rights of defendant, where there is evidence that the physician's charge was reasonable.

4. ———: EXTENT OF INJURIES A JURY QUESTION. The extent of plaintiff's injuries is a question for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Charles A. Houts* for appellant.

(1)   It was erroneous for the court to permit testimony of injuries to plaintiff's sexual organs, for the reason that such injury had not been pleaded.   Muth v. Railway, 87 Mo. App. 422, and cases cited in the opinion of the court in that case.   Edwards v. Railway, 79 Mo. App. 257; Harper v. Railway, 70 Mo. App. 604. (2)   The court erred in its instruction number two, in

directing the jury to consider plaintiff's loss of earnings as an element of his damage, for the reason that there was no evidence upon which such an instruction could be predicated. (3) The jury should have been limited in allowing plaintiff damages for money expended for medicines and the services of physicians to an amount which they considered reasonable. Orscheln v. Scott, 79 Mo. App. 534.

*Chester H. Krum* and *Phil. Pollock* for respondent.

STATEMENT.

Omitting formal allegations, plaintiff's petition recited:

"Plaintiff further states that the tracks of the defendant are laid across and intersect one another at Lee avenue and Cass avenue, said avenues being highways and streets in the city of St. Louis, Missouri. That plaintiff on the 24th day of January, 1902, was a passenger on the Cass avenue line car of said road, plaintiff having paid his fare and taken passage on same; that while on the said car of the said line of the defendant at the intersection of Newstead avenue and St. Louis avenue, streets in the city of St. Louis, Missouri, the car of the Cass avenue line was caused to be run into by defendant's car of the Lee avenue line of said company; that the servants of said corporation by the management of both of said cars, so negligently and carelessly conducted themselves as to cause the Lee avenue car to collide with the Cass avenue car, knocking said car over the rails into the gutter; that plaintiff being a passenger thereon, was thrown out of his seat and badly injured; his wrist being lacerated and his spine being permanently injured; he has been caused great pain, agony and sleeplessness by reason thereof; said injury being caused by negligence, carelessness and unskillfulness of defendant's servants and managers.

"Plaintiff further states that he has been permanently injured, has been sick and lame, has been pre-

vented from attending to his business and was put to great expense in endeavoring to be healed of his injuries, and at the present time is unable to attend to his daily vocations, as his injuries and suffering cause him great pain.

"Plaintiff further states that by reason of the injury aforesaid, he has been damaged in the sum of fifteen thousand dollars, for which he asks damages."

Defendant's answer was a general denial.

The evidence established that the plaintiff, a butcher by trade, twenty-four years of age, was a passenger on an east-bound Cass avenue car of defendant, when between three and four o'clock in the afternoon of January 24, 1902, a south-bound car of defendant, at the intersection of Newstead avenue, struck the Cass avenue car inflicting upon plaintiff the injuries complained of, the extent and severity of which were in great controversy.

Plaintiff himself testified, that he was confined to his room for several weeks, and that since the occurrence he has not been able to attend to much business, to lift any heavy weight or do any heavy manual labor, because of the weakness in his back which he attributed to the injury.   He stated that the physician first summoned in attendance, who did not appear at the trial, after four weeks treatment had been able to discover no hurt except a cut on his wrist, a bruise on his leg and a bruised back.   But at the trial the succeeding physician, his assistant and another doctor, attested the grave if not permanent nature of his injuries, and their testimony is corroborated by non-professional witnesses.   On the other hand, a physician in defendant's employ, and numerous neighbors and customers of plaintiff, gave testimony tending to show that his hurts were inconsiderable.

REYBURN, J. (after stating the facts as above).—
1.   Three assignments of error are presented, the first

being that the court erred in the extent of the examination of the attending physician, permitting him to state specified paralyzing effects upon organs of plaintiff, consequent upon the injury to his spine, without foundation being laid therefor in the petition. The common rule is that evidence may be introduced of any special damage, the immediate result of the act complained of, but not of any remote consequences. Muth v. Railway, 87 Mo. App. l. c. 437. . The complaint, among other specific injuries narrated, charged permanent injury to the spine, and the chief medical attendant of plaintiff testified that the condition of the organs sought to be shown, was the probable result of the concussion of the plaintiff's spine, to which he had already testified. But were such line of inquiry inadmissible under the allegation of the petition, it was not excepted to and such error would be non-prejudicial as the effects involved were not carried into the instructions as an element of recovery. Muth v. Railway, supra.

2.   An additional criticism of the instruction defining the measure of recovery as permitting the consideration of plaintiff's loss of earnings as an element of his damage, for the reason that there was no evidence upon which this portion of the instruction could be predicated, is devoid of merit. Plaintiff's testimony evidenced his earning capacity per diem prior to the casualty, and that thereafter he had been compelled to employ assistance in the conduct of his business at the rate of compensation specified, from which premises the jury could with facility compute the extent to which his earning power had been lessened, and impaired, as one of the results of the injuries sustained by him, and which testimony fully warranted the submission of such issue to the jury.

3.   The same instruction is censured for failure to limit plaintiff's recovery to the *reasonable* amount incurred for medical services. The testimony of plaintiff's attending physician expressly stated that the

amount named as his charge was reasonable, and this was not controverted by defendant, although a physician in its employ subsequently appeared as a witness in its behalf.    The instruction might with exactness have called for the recovery of the reasonable value of the medical aid rendered plaintiff, but we do not consider that the language adopted materially affected the merits of the action or the substantial rights of defendant. R. S. 1899, secs. 659, 865; Gorham v. Railway, 113 Mo. l. c. 421.

Appellant has vigorously urged that the important question in this case was the extent of plaintiff's injuries, but this was for the jury, and, while the testimony is conflicting, the verdict finds abundant support and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.